25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ivan GOLDSTEIN, Plaintiff-Appellee,
v.
The CHESTNUT RIDGE VOLUNTEER FIRE COMPANY, Defendant-Appellant.
 No. 93-1610.
 United States Court of Appeals, Fourth Circuit.
 No. 93-1610.
Argued Dec. 8, 1993.
Decided May 31, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-92-3017-JFM)
 Jay Robert Fries, Kruchko & Fries, Baltimore, MD, for appellant.
 Charles Grant Byrd, Jr., Brown, Alston & Byrd, Baltimore, MD, for appellee.
 Joan E. Book, Kruchko & Fries, Baltimore, MD, for appellant.
 Dwayne A. Brown, Brown, Alston & Byrd, Baltimore, MD, for Appellee.
 D.Md.
 VACATED AND REMANDED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In this action brought under 42 U.S.C. Sec. 1983 by Ivan Goldstein against The Chestnut Ridge Volunteer Fire Department (Chestnut) of Baltimore County, Maryland, Goldstein claimed that Chestnut violated his constitutional rights by denying him membership in the Department solely because of his religion (Judaism). On Chestnut's motion to dismiss on the ground that it was not a state actor, the United States District Court for the District of Maryland (Motz, J.), ruling as on a motion for summary judgment by considering materials outside the complaint, denied the motion, holding that Chestnut was a state actor, hence potentially liable as such under Sec. 1983. Goldstein v. The Chestnut Ridge Volunteer Fire Dep't., No. JFM-92-3017 (D.Md.Jan. 25, 1993) (memorandum).
 
 
 2
 Following the district court's ruling, another judge of the same district court, considering a claim of unconstitutional violation by another Maryland volunteer fire department in a different locality, granted summary judgment for that defendant on the basis that, as a matter of law on the record before it, that department was not a state actor under either of the three theories--symbiotic relationship, governmental regulation, or exclusive governmental function--by which private parties have been so treated. Haavistola v. Community Fire Co. of Rising Sun, Inc., 812 F.Supp. 1379 (D. Md.1993) (Smalkin, J.).
 
 
 3
 Taking notice of the Haavistola decision, the district court in the instant case certified the state-action issue for interlocutory appeal to this court, and we granted Chestnut permission to appeal under 28 U.S.C. Sec. 1292(b). While appeal in this action was pending, another panel of this court decided the appeal in Haavistola. The Haavistola panel held that the district court properly determined as a matter of law that the fire department in that case could not be treated as a state actor under either the symbiotic relationship or governmental regulation theories. But it further held that the court erred in concluding that, as a matter of law, the department could not be treated as a state actor under the traditionally exclusive governmental function theory. As to that, the panel held that there were genuine issues of material fact that made summary judgment inappropriate, and it remanded for further proceedings as to that and such other issues as might require resolution. Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211 (4th Cir.1993).
 
 
 4
 Following oral argument of the appeal in this case, we held decision in abeyance pending decision in Haavistola, which was then pending on remand in the district court. We have now been advised that in that case, following a jury verdict in favor of the defendant fire department on the dispositive state-action issue, the district court has entered judgment in favor of the defendant from which no appeal will be taken by the plaintiffs. The effect of this latter development, which we had not anticipated, is to leave that judgment as an unreviewed final judgment, binding only on the parties to that litigation and any other persons who might be bound under Maryland res judicata principles, and to preclude any opportunity for this court, in reviewing that judgment, possibly to establish a general rule--applicable in any case, including the instant one--involving the state-action issue with respect to Maryland volunteer fire departments.
 
 
 5
 With Haavistola thus concluded, we may now turn to decision on Chestnut's interlocutory appeal from Judge Motz's partial summary judgment holding that Chestnut was, as a matter of law, a state actor.
 
 
 6
 The district court rested that holding solely on the ground that fire fighting was traditionally an exclusive governmental function of the State of Maryland, J.A. 160, though Goldstein had contended as well for finding state action on the symbiotic relationship theory. J.A. 114-16. On this appeal, Goldstein continues to urge both theories as proper alternative grounds for affirming the district court's ruling in his favor, and in a fall-back position, contends that the district court's denial of Chestnut's motion (if not its ruling as a matter of law in Goldstein's favor) should be affirmed on the basis that genuine issues of fact made summary judgment for Chestnut improper. Appellee's Br. 33, 34.
 
 
 7
 We believe decision on both points is controlled by the decision of this court in Haavistola.
 
 
 8
 Specifically, we hold first, on the authority of that case, that on the comparable evidentiary record we review in this one, no symbiotic relationship between Chestnut and the State of Maryland can be found as a matter of law. See Haavistola, 6 F.3d at 215. Here as in Haavistola, this volunteer fire department does not lease public property from the state, but owns it privately. As Haavistola pointed out, see id, this precludes finding the requisite symbiotic relationship to make Chestnut a state actor. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 358 (1974).
 
 
 9
 Secondly, we conclude that, as the Haavistola court held and for the same reasons it gave, the question whether fire fighting is traditionally an exclusive governmental function in Maryland could not properly be decided as a matter of law on the record in this case, but requires resolution of genuine issues of fact raised by the conflicting historical evidence. See Haavistola, 6 F.3d at 216-19.
 
 
 10
 Accordingly, we will vacate the district court's grant of partial summary judgment which held that, as a matter of law, Chestnut was a state actor, and remand for further proceedings consistent with this opinion. In remanding, we observe that, as earlier indicated, the district court's unreviewed final decision on remand in Haavistola has no preclusive or stare decisis effect upon the instant case.
 
 SO ORDERED
 
 11
 WILKINSON, Circuit Judge, concurring separately:
 
 
 12
 I write separately to express my concern that the majority's opinion will lead to irreconcilable results within the state of Maryland on the basic legal question of whether Maryland volunteer fire fighting companies fall under the public function theory of state action. The majority states that the question whether fire fighting has traditionally been an exclusive governmental function in Maryland is a factual inquiry that cannot be resolved at the summary judgment stage, and thereby implies that this state action issue is one of triable fact to be submitted to juries seriatim. I fear, however, that the upshot of turning state action into a jury question will be that volunteer fire companies whose circumstances are indistinguishable will find themselves irreconcilably labelled. It makes no sense to say that some volunteer fire fighters in Maryland perform a public function and others perform a private function, when their circumstances are the same.
 
 
 13
 The public function theory of state action encompasses the "exercise by a private entity of powers traditionally exclusively reserved to the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). The Supreme Court has applied this public function theory with a particular eye toward the principle of uniform application. In determining whether a particular practice constitutes an exclusive public function, the Court has considered how that practice has operated on a statewide level. See id. at 352-53 (looking to Pennsylvania's statutory and decisional law in deciding whether electricity service is an exclusive public function in Pennsylvania); Nixon v. Condon, 286 U.S. 73, 84-89 (1932) (holding that conducting primary elections is an exclusive public function in Texas). Indeed, the Court has occasionally even considered the history of the practice in question on a nationwide level, rather than focusing in on its history in a particular state. In Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978), for example, the Court declined to consider a "detailed description" of "the particular remedies available under New York law" in determining whether a warehouse's sale of stored goods constituted an exclusive public function. Id. at 161. The Court explained that "[t]o rely upon the historical antecedents of a particular practice would result in the constitutional condemnation in one State of a remedy found perfectly permissible in another." Id. 162-63. The Court has applied this broad national analysis in dealing with other activities as well. For example, the Court has declared that conducting an election of public officials is an exclusive public function as a general matter, see id. at 158, and has analyzed the exclusive public function status of jury selection activities by considering the nature of jury selection in state governments generally. See Georgia v. McCollum, 112 S.Ct. 2348, 2355-56 (1992).
 
 
 14
 This concern for uniformity that underlies the state action doctrine has been well-served by treating state action questions as questions of law to be determined by judges, rather than as questions of fact to be decided by juries. See Blum v. Yaretsky, 457 U.S. 991, 997 (1982) (describing the question of "whether there is state action" as one of "several issues of law"). Indeed, no Supreme Court case on the public function doctrine has ever involved a review of a jury 's factual finding on state action. Rather, the cases have been appeals of legal rulings from the bench, many of which were made at the pre-trial, and even at the pleadings, stage. See, e.g., Edmonson v. Leesville Concrete Co., Inc., 111 S.Ct. 2077, 2081 (1991) (motion made during jury voir dire process); Rendell-Baker v. Kohn, 457 U.S. 830, 835-36 (1982) (consolidated appeal involving one case being appealed from a motion to dismiss and the other being appealed from summary judgment); Flagg Bros., 436 U.S. at 154 (motion to dismiss); Jackson, 419 U.S. at 349 (motion to dismiss). Moreover, nothing in this circuit's decision in Haavistola required the state action issue to be treated as a triable question of fact; it merely held that the question whether fire fighting is an exclusive public function in Maryland is a "factually intense" question that could not be resolved without further development of the factual record. See Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 218-19 (4th Cir.1993). Therefore, upon remand, the district court ought to treat the state action issue as a question of law involving consideration of the character of fire fighting in Maryland, not as a jury issue limited to the history of fire fighting in the Chestnut Ridge community.
 
 
 15
 Finally, even if the state action issue is to be treated as a question for the fact finder, I believe that the verdict reached by the Haavistola jury should be accorded respect. In the technical sense, the unreviewed Haavistola verdict may not be preclusive or precedential. However, given the principle of uniformity that has animated the state action doctrine, I would think it imperative that volunteer fire departments in Maryland be governed by a single standard with respect to the state action question, barring some significant factual distinction that the parties have thus far failed to present. It makes little sense, either from the standpoint of resources expended upon litigation or from the perspective of a uniform application of law, to have the matter of the state action status of a volunteer fire department submitted to a jury for ad hoc determination in every county of the state of Maryland. A fact finder has already rendered its decision on the precise question remanded to it by a prior decision of this circuit, and a significant burden should rest with any party seeking to depart from that result.